**Marcos Reyna BRIONES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71498.

Agency No. A74–425–814.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 25, 2004.

Marcos Reyna Briones, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Luis E. Perez, Esq., Office of Immigration Litigation Civil Division, Department of Justice, Edward C. Durant, Esq., Washington, DC, for Respondent.

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Marcos Reyna Briones, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his application for cancellation of removal. The IJ concluded that Reyna Briones failed to establish the requisite exceptional and extremely unusual hardship to a family member. We dismiss the petition for review.

Petitioner contends that the IJ erred in determining that he failed to establish ten years of continuous physical presence before his removal case began. We need not consider whether petitioner established the requisite continuous residence element of cancellation of removal, because his failure to establish the requisite hardship element is dispositive. *See* 8 U.S.C. § 1229(b)(1); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 889 (9th Cir.2003). We lack jurisdiction to review whether Reyna Briones demonstrated the requisite "exceptional and extremely unusual hardship" for cancellation of removal. *See id.* at 892.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of his voluntary departure period. This stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED.

**This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.